**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

KWAME AMIN MATHEWS,

    *Petitioner*

v.

UNITED STATES OF AMERICA,

    *Respondent.*

_____/

CRIM. CASE NO: 1:14-cr-20427
CIV. CASE NO.: 1:16-cv-10496
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND MOTION TO
SUPPLEMENT, RESPONDENT'S MOTION TO DISMISS, AND TO DENY
DEFENDANT'S SUPPLEMENTAL MOTION**
(Docs. 199, 207, 214, 217)

## I.     RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (Doc. 199) be **DENIED**, that his motion to supplement be **GRANTED** (Doc. 214), that Respondent's motion to dismiss (Doc. 207) be **GRANTED**, and that the motion to deny Defendant's supplemental motion be **DENIED**. (Doc. 217.)

## II.    REPORT

### A.    Introduction

Pursuant to a Rule 11 plea agreement, Petitioner pleaded guilty to count eight of the indictment which charged him with distribution of cocaine base, aiding and abetting. (Doc. 76, 98.) Petitioner was sentenced to 151 months incarceration which represented the bottom of the relevant sentencing guideline range. (Doc. 147.)

At the plea taking, Petitioner was sworn in and testified that he was satisfied with counsel's service and that he knowingly and voluntarily chose to plead guilty because he was guilty. (Doc. 98 at ID 616, 631.) The material provisions were read, including that Defendant "knowingly and voluntarily waive[d] that right [to post-conviction proceedings] and agree[d] not [to] contest his conviction or sentence in any post-conviction proceeding, including but not limited to any proceedings under 28 U.S.C. 2255." (*Id.* at ID 624.) Petitioner assured the Court that no one offered promises or made threats to trick him into agreeing to plead guilty, (*Id.* at ID 630-31), he realized he was waiving the right to collateral attack, (*Id.* at ID 629), and that there was nothing surprising or missing from the summary of the agreement. (*Id.* at ID 629-30.) The agreement included the appeal and collateral attack waivers. (Plea Agreement, Doc. 76, at ID 395-96.)

A Report issued recommending that Judge Ludington accept the guilty plea. (Report & Recommendation, Doc. 78.) The District Judge agreed on October 31, 2014, adopting the recommendation and taking the plea deal under advisement. (Order Adopting Report, Doc. 95.)

Petitioner appealed his conviction and sentence and on September 2, 2015, the Sixth Circuit granted the government's motion to dismiss the appeal based on the appellate waiver provision in his plea agreement. (Doc. 169.) The Sixth Circuit noted that Petitioner did not attack the validity of the guilty plea, did not raise a failure to comply with Fed. R. Crim. P. 11, and did not contest the knowing and voluntary nature of the waiver. (*Id.*) Instead, Petitioner argued that enforcement would work a miscarriage of justice. The Sixth Circuit declined to recognize any miscarriage of justice exception to enforcement of a valid waiver of appellate rights. The Sixth Circuit also noted that even if such an exception were recognized, it would not apply since Petitioner's armed robbery conviction was not classified as a predicate offense under the residual clause of USSG §

2

4B1.2(a)(2). Thus, the holdings in *United States v. Johnson*, 135 S. Ct. at 2563(residual clause in the ACCA) and *United States v. Darden*, 605 F. App'x at 546 (residual clause in sentencing guidelines career offender provisions) did not apply to Petitioner's case.

On February 4, 2016, Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255. (Doc. 199.) Petitioner contends that his attorney was unprepared and negligent because: (1) he did not prevent the career offender enhancements; (2) he did not challenge the allegation that Petitioner played a leadership role; (3) he did not argue mitigating factors in Petitioner's life; and (4) he did not argue for application of the holding in *United States v. Johnson*. (Doc. 199 at ID 1126-27.)

On February 29, 2016, Respondent filed a motion to dismiss the motion to vacate based on Petitioner's waiver of his right to appeal or collaterally attack his conviction or sentence under 28 U.S.C. § 2255. (Doc. 207.)

On March 28, 2016, Petitioner filed a "Motion" which the Court construed as a motion to supplement his motion to vacate sentence. (Doc. 214.) In that motion, Petitioner asserted that he

> wrote the judge five descriptive letter's explaining my lawyers failure's and that because I had just got out the hospital hour's before I entered this plea from a concussion it was by no means voluntarily. Not to mention this same October 2015 the attorney general sent a memorandum stating to no longer subject defendant's with pleas in which all these rights or waived to be allowed. These factor's dictate a change in my outcome...[sics omitted throughout]

(Doc. 214 at ID 1181.) Respondent then filed a motion to deny Petitioner's motion to supplement because he raised a new ground, i.e., that his guilty plea was not voluntarily made. (Doc. 214 at ID 1187.) Respondent notes that Petitioner did not allege involuntariness on direct appeal nor did he allege involuntariness in his motion under § 2255. Instead, Petitioner raised the issue only after having the benefit of the government's argument that his plea was knowing and voluntary and

3

thus, that the waiver should be enforced. Respondent contends that Petitioner's plea was knowing and voluntary and that this "new argument to the contrary is disingenuous." (Doc. 214 at ID 1189.)

**B. Law and Analysis**

    *1. General Law*

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

    *2. Waiver*

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)); *accord United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). Thus, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v.*

*United States*, 258 F.3d 448, 450 (6th Cir. 2001) (noting that "plea agreement waivers of § 2255 rights are generally enforceable"). However,

> [I]n cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or collateral attack when the substance of his claim challenges the very validity of the waiver itself.

*Acosta*, 480 F.3d at 422. Nevertheless, "Enforcing appeal waivers makes good sense as well. A waiver of appellate rights gives a defendant a means of gaining concessions from the government. The government benefits, too, by saving the time and money involved in arguing appeals." *United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012) (citations omitted). Therefore, as long as the plea was knowing and voluntary, and not the product of ineffective assistance of counsel, the appellate waiver will be enforced. *Id.*

Here, I suggest that Petitioner's waiver was knowing and voluntary, and accordingly should be enforced. Petitioner assured the Court that no one offered promises or made threats to trick him into agreeing to plead guilty, (*Id.* at ID 630-31) and that he realized he was waiving the right to collateral attack. (*Id.* at ID 629.) Petitioner argues, in his supplemental brief, that he had "just got out the hospital hour's before I entered this plea from a concussion it was by no means voluntarily." (Doc. 214 at ID 1181.) However, Petitioner does not connect "concussion" with any failure to understand what was happening or any other symptoms that would prevent his plea from being knowing or voluntary at the time of the plea taking. I note that at the plea taking, Petitioner indicated that he was on medicine "for stitches" not for any concussion or any other head injury, and that he was feeling okay:

> COURT: Are you under the influence of any medicine today?

| | |
|---|---|
| DEFENDANT: | I took some medicine for -- I don't think it's – I – just for my stitches. |
| COURT: | Okay. I was going to say – you have stitches on your face? |
| DEFENDANT: | Yeah. |
| COURT: | Is that – is that correct? Are – are you feeling okay today? |
| DEFENDANT: | Yes, your Honor. |
| COURT: | And even though you've, you know, taken some medication because of that, do you feel like it's affecting you at all? |
| DEFENDANT: | No, your Honor. |

(Doc. 98 at ID 615.) In addition, the court, government counsel and defense counsel all concluded that Petitioner was capable of tendering a knowing plea (Doc. 98 at ID 616) and Petitioner was noted to be following along as government counsel was summarizing the plea agreement provisions. (Doc. 98 at ID 625.) I therefore suggest that Petitioner's allegation of involuntariness is not sufficiently alleged to create an issue of fact as to the voluntariness of his plea.

As to the waiver itself, it was read into the record by government counsel and the Court specifically informed Petitioner of the breadth of the waiver and Petitioner indicated that he understood:

| | |
|---|---|
| COURT: | ...your right to appeal either this guilty plea conviction or your sentence has been waived by this agreement. In other words, you've given up that right to appeal as long as your sentence does not exceed – and this one is a straight number – one hundred and eighty-eight months, so as long as Judge Ludington sentence you to one hundred and eighty-eight months or less, you will not be able to appeal this plea conviction or your sentence even if that guideline range has changed or other things have happened. Do you understand that? |
| DEFENDANT: | Yes, your Honor. |
| COURT: | And that – the scope of that is that you cannot directly appeal your – your plea conviction by saying, you know, 'I didn't want to plead |

>    guilty,' or, 'I didn't – I didn't understand what I was pleading guilty to.' You won't be able to appeal that part of it – your conviction – and you also will not be able to appeal your sentence, and that covers a direct appeal. It also covers any post-conviction motions that go by various names. They're sometimes called habeas corpus, federal habeas claim, motion to vacate sentence. Sometimes people use a shorthand which references the statute, and they'll call it a 2255 motion, but you won't be able to file any of those motions successfully. Do you understand that?
>
> DEFENDANT:    Yes, your Honor.

(Doc. 98 at ID 628-29.) For all the reasons stated above, I suggest that the collateral attack waiver should be enforced and bars Petitioner's motion to vacate sentence.

Even if the waiver were not enforced, the result would be the same. Petitioner contends that his attorney was unprepared and negligent because: (1) he did not prevent the career offender enhancements; (2) he did not challenge the allegation that Petitioner played a leadership role; (3) he did not argue mitigating factors in Petitioner's life; and (4) he did not argue for application of the holding in *United States v. Johnson*. (Doc. 199 at ID 1126-27.)

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was

prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

As to the career offender and *Johnson* issues, since the Sixth Circuit addressed them and found they lacked merit, I suggest that these claims are procedurally barred. "[A] § 2255 motion

may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Petitioner has alleged no such exceptional circumstances justifying further review, and the record reveals none. In addition, when the appellate court has found the underlying argument to be without merit, any claim that a trial attorney was ineffective for failing to raise the same error is also procedurally barred. *See United States v. Ramirez*, 327 F. App'x 751, 752 (9th Cir. 2009) ("Because we held on direct appeal that any error . . . was harmless, Ramirez is barred from contending here that his attorney rendered ineffective assistance."). Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). Furthermore, even if the claims were not procedurally barred, I suggest the result would be the same. Since the Sixth Circuit has held that the alleged errors were without merit, any failure on the part of counsel for not raising them could not have prejudiced Petitioner as required under *Strickland*. *See Lockhart*, 506 U.S. at 369.

As to Petitioner's claims that defense counsel did not challenge the allegation that Petitioner played a leadership role and did not argue mitigating factors in Petitioner's life, I suggest that the record reveals his counsel did in fact argue these issues on his behalf. In his sentencing memorandum, Petitioner's counsel argued that Petitioner was a low-level dealer, that he has physical maladies including loss of vision in his left eye and a recent onset of multiple

sclerosis, that Petitioner had psychiatric issues including depression, PTSD, ADHD, cannabis abuse and personality disorder. (Doc. 134.) In this circuit, counsel is not ineffective for raising arguments unsuccessfully. *See Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court."). Therefore, I suggest that these grounds lack merit.

### D.    Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### E. Conclusion

I recommend that the Court deny Petitioner's motion to vacate sentence (Doc. 199), grant Respondent's motion to dismiss (Doc. 207,) grant Petitioner's motion to supplement (Doc. 214,) and deny Respondent's motion to deny supplemental motion. (Doc. 217.)

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response

proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 14, 2016               S/ PATRICIA T. MORRIS
                                   Patricia T. Morris
                                   United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Kwame Amin Mathews #50234-039 at Rochester Federal Medical Center, Inmate Mail/Parcels, P.O. Box 4000, Rochester, MN 55903.

Date: July 14, 2016               By s/Kristen Krawczyk
                                  Case Manager to Magistrate Judge Morris