UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

KWAME AMIN MATHEWS,

    Defendant-Petitioner.

_____/

Case No. 14-cr-20427-02

Honorable Thomas L. Ludington
Magistrate Judge Patricia T. Morris

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTIONS TO VACATE, GRANTING MOTION TO SUPPLEMENT, GRANTNG MOTION TO DISMISS, DENYING SUPPLEMENTAL MOTION, DENYING MOTION FOR CREDIT TO FEDERAL SENTENCE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS**

Defendant Kwame Amin Matthews pleaded guilty to aiding and abetting the distribution of cocaine on October 8, 2014. ECF. Nos. 78, 95, 98. After being sentenced to 151 months incarceration, Matthews appealed. ECF Nos. 141, 147. On September 2, 2015, the Sixth Circuit Court of Appeals granted the government's motion to dismiss the appeal by relying on the appellate waiver provision in Matthews's plea agreement. ECF No. 169. On February 4, 2016, Matthews filed a motion to vacate his sentence under 28 U.S.C. 2255. ECF No. 199. The government filed a motion to dismiss Matthews's motion to vacate his sentence on February 29, 2016. ECF No. 207. On March 28, 2016, Matthews then filed a motion to supplement his prior motion. ECF No. 214. The government countered on April 12, 2016, by filing a motion to deny Matthew's supplemental motion. ECF No. 217.

Between his original and supplemental motions, Matthews alleged that his attorney provided ineffective assistance of counsel and that his guilty plea was not voluntarily made. ECF No. 199 at 1; ECF No. 214 at 1. The government asserted that Matthews had waived his right to

collaterally attack his sentence by entering into the Rule 11 plea agreement and that Matthews had waived his voluntariness argument by failing to raise it on direct appeal or in his initial § 2255 motion. On July 14, 2016, Judge Morris issued a report recommending that Matthews's motion to vacate his sentence be denied and the government's motion to dismiss be granted because Matthews waived his right to appeal. *See* Rep. & Rec. 4–7, ECF No. 239. Judge Morris also recommended that, even if not waived, the ineffective assistance of counsel claim should be dismissed because the alleged errors did not prejudice Matthews. *Id.* at 7–10. Finally, Judge Morris recommended that Matthews' motion to supplement his § 2255 motion be granted and that the government's motion to deny that supplemental motion be denied. ECF Nos. 214, 217.

The same day Judge Morris issued her report and recommendation, Matthews filed an "amended motion to vacate sentence." ECF No. 240. On August 4, 2016, Matthews filed two objections to the report and recommendation. ECF No. 241. Matthews has also filed a motion for a recommendation that his state jail time be credited to his federal sentence. ECF No. 242.

Matthews's objections to the report and recommendation will be addressed first. Then, his amended motion to vacate his sentence and his motion for a recommendation that his state jail time be credited to his federal sentence will be addressed.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act

solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. Matthews has presented two objections to the report and recommendation.

## II.

Judge Morris rested her report and recommendation primarily on a finding that Matthews knowingly and voluntarily entered into the plea agreement and thus waived his right to appeal or collaterally attack his conviction and sentence. Judge Morris noted that "the court, government counsel and defense counsel all concluded that Petitioner was capable of tendering a knowing plea . . . and Petitioner was noted to be following along as government counsel was summarizing

the plea agreement provisions." Rep & Rec. at 6, ECF No. 239. Matthews argues that he had been treated at a hospital for a concussion mere hours before entering into the plea. *Id.* at 5. But Judge Morris explained that "Petitioner does not connect 'concussion' with any failure to understand what was happening or any other symptoms that would prevent his plea from being knowing or voluntary at the time of the plea taking." *Id.* Judge Morris alternatively found that, even if the appeal waiver were unenforceable, Matthews's counsel was not ineffective and thus Matthews is not entitled to relief.

**1.**

In his first objection, Matthews again argues that his plea was not entered into voluntarily. Specifically, he asserts that his "counsel was ineffective in not requesting a psychological or medical evaluation" into the "extent of [Matthews's] head injury" and his other disorders. Objs. at 1, ECF No. 241. As Matthews characterizes his objection, his counsel was ineffective for 1) failing to investigate Matthews's medical and psychological background, 2) obtain a psychological evaluation of Matthews, and 3) assert psychological and medical background as "mitigating factors during plea negotiations or during [the] plea hearing." *Id.* at 2.

Matthews has not demonstrated an issue of fact regarding the voluntariness of his plea. Even if Matthews's allegations regarding the concussion are accurate, there is no evidence that Matthews's decision to accept the plea was unknowing or involuntary.

An appeal waiver is enforceable as long as that waiver was knowing and voluntary. *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). The competency standard for pleading guilty is identical to the standard for standing trial. *Godinez v. Moran*, 509 U.S. 389, 398 (1993). Thus, if Matthews was unable to "consult with his lawyer with a reasonable degree of rational understanding" or did not have a "rational as well as factual understanding of the proceedings

against him," he was not competent to waive his right to appeal. *Dusky v. United States*, 362 U.S. 402, 402 (1960) (internal quotations omitted).

"Not every manifestation of mental illness demonstrates incompetency to stand trial." *Gurnsey v. Prelesnik*, No. 2:11-CV-15038, 2014 WL 1977021, at *4 (E.D. Mich. May 15, 2014). Likewise, mere allegations that the petitioner was suffering from a head injury at the time of the plea hearing are insufficient to demonstrate involuntariness. *See id.* at 5 ("Petitioner is not entitled to habeas relief on this claim because there was nothing in the plea transcript to indicate that due to mental illness, medications being taken by petitioner, or the head injury sustained in the accident, he lacked understanding of the proceedings."). Rather, when the transcript of the plea hearing indicates that the petitioner was in possession of his facilities and the petitioner has presented no affirmative evidence of incapacity, "after the fact" involuntariness or incompetency claims are rejected. *See id. See also United States v. Calvin*, 20 F. App'x 452, 453 (6th Cir. 2001) ("Calvin described with specificity the conduct underlying his guilty plea. Calvin was lucid and articulate at the plea hearing, and no evidence exists in the record that Calvin was not in possession of his faculties. Therefore, his 'after-the-fact' claim of incompetency must fail."); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 672 (E.D. Mich. 2002) (same).

As Judge Morris noted, Matthews was asked at the plea hearing whether he was under the influence of any medication. Oct. 2014 Tr. at 5, ECF No. 98. Matthews stated that he had taken medicine "for my stiches." *Id.* The Court then asked if Matthews was "feeling okay today?" *Id.* Matthews stated that he was and denied that the medication affected his ability to understand or think. *Id.* The Court then asked if Matthews had recently been treated for any mental illness issues, and Matthews denied that he had. *Id.* Finally, Matthews denied being under the influence of any prescription drugs, alcohol, or other substances. *Id.* At this point, the Court concluded that

Matthews was "capable of entering a knowing plea." *Id.* at 6. When asked, both the government prosecutor and Matthews' defense attorney agreed with that conclusion. *Id.* Later in the plea hearing, the Court summarized the nature of the appeal waiver to Matthews and asked if he understood. *Id.* at 18–19. Matthews stated that he did. *Id.* Matthews also denied that he had been promised anything that was not written in the plea agreement or otherwise threatened. *Id.* at 20–21.

In short, there is nothing in the plea hearing transcript which would indicate that Matthews was unable to understand the proceedings or communicate with his attorney. There was no indication in Matthews's words or actions that he was having difficulty understanding what was occurring or the implications of the plea agreement. In fact, Matthews specifically denied that he had recently been treated for any mental illness issues. Matthews has presented no evidence indicating that he was not in possession of his mental faculties during the plea hearing. To the contrary, all available evidence indicates that the plea was knowing and voluntary. Matthews may have had a concussion or unspecified mental illnesses at the time, but those conditions had no apparent impact on his understanding of the plea hearing. Given the lack of physical manifestations of incompetence and Matthews' own denials of any such conditions, Matthews's counsel was not ineffective for failing to investigate Matthews's mental background, obtain a psychological evaluation, or discuss Matthews's mental deficiencies during the hearing.

**2.**

In his second objection, Matthews provides a myriad of other complaints. He asserts, without details, that "anyone looking over my full file . . . would quickly draw the conclusion of prosecutorial misconduct." Objs. at 3. He also argues that the Court should have ordered that his state jail time credit run concurrently with his federal credit. He finally asks "when is the state of

Michigan to be held responsible," referencing his difficult childhood in the foster-care and adoption system.

As stated above, only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Matthews's references to "prosecutorial misconduct" do not reference any specific actions. This level of generality prevents a specific inquiry into this allegation. Absent evidence of prosecutorial misconduct, Matthews is not entitled to relief. Likewise, the Court is sympathetic to the difficulties Matthews experienced during his youth. But the concerns he raises do not give rise to a legal entitlement to relief in the context of a motion to vacate pursuant to § 2255.

Matthews's arguments regarding the computation of his jail time credit are not properly cognizable via a § 2255 motion. However, Matthews has separately filed a motion seeking a commendation that his state and federal sentence be computed concurrently. *See* ECF No. 242. That motion will be addressed below.

In short, the arguments which Matthews makes in his second objection are not cognizable on § 2255 review. Judge Morris's report and recommendation will be adopted and Matthews's objections will be overruled.

**III.**

The same day Judge Morris issued her report and recommendation, Matthews filed what he described as his "amended" motion or relief under § 2255. ECF No. 240. Although Matthews did not seek leave for this additional amendment to his original motion, the Court will accept this motion as filed and resolve it on the merits. In the motion, Matthews raises three arguments.

First, Matthews argues that his counsel was ineffective because he told Matthews that he would receive a downward departure for accepting responsibility. At the hearing, Matthews's

attorney requested a downward departure. Jan. 2015 Tr. at 7, ECF No. 148. In response, the prosecutor stated: "I would just want to remind defendant that pursuant to the plea agreement, he's prohibited from arguing for a departure. . . from the career offender. If he wishes to do so, then the government will withdraw from the plea agreement." *Id.* at 12. According to Matthews, he "would not have accepted this plea had [he] known a downward departure was not available." ECF No. 242 at 2.

"To prove constitutionally deficient performance, petitioner must show that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms." *Magana v. Hofbauer*, 263 F.3d 542, 547 (6th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Further, when challenging a guilty plea based on ineffective assistance of counsel, the petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Likewise, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Here, Matthews's counsel misunderstood a provision of the plea agreement. But attorneys make mistakes and it is not clear that this single error was, considering all the circumstances, "outside the wide range of professionally competent assistance." *Id.* at 690. Even if it was, Matthews has not shown that he would have insisted on going to trial but for his counsel's error. To begin with, Matthews has offered no affirmative evidence, beyond his self-serving statement in the present motion, that he would have insisted on going to trial. The Sixth Circuit has not expressly held that affirmative evidence is required, but the Seventh and Second Circuits have. *See Magana*, 263 F.3d at 547 n.1 (6th Cir. 2001) (citing *Paters v. United States*,

159 F.3d 1043, 1047 (7th Cir. 1998); *United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998)). Additionally, Matthews's counsel only requested a one level downward departure. A one level decrease in his sentencing guidelines would have lowered Matthews's sentence. But it seems unlikely that this marginal difference in his sentence would have been the deciding factor for Matthews regarding whether to go to trial or plea. In fact, Matthews himself asserts that "[a]nother attorney would have negotiated me a better plea and explained the plea I actually took to the point I wouldn't have been tricked by my attorney's misunderstanding." ECF No. 240 at 2. The implication of this argument is that Matthews intended to plead guilty regardless, but believes he should have received a better deal. This is not prejudice sufficient to establish ineffective assistance of counsel.

Second, Matthews argues that his counsel was ineffective for not investigating or filing motions related to Matthews's various illnesses. Third, Matthews argues that his counsel "poorly addressed [his] mental state" at sentencing. Those arguments were raised in Matthews's original motions for relief and found meritless above. In short, none of the arguments raised in Matthews's amended motion for relief under § 2255 entitle him to relief. That motion will be denied. The Court further concurs with Judge Morris's finding that there is no material factual dispute which an evidentiary hearing could address. Accordingly, no hearing will be held.

**IV.**

Finally, Matthews has filed a motion for a recommendation that his state jail time be credited to his federal sentence. ECF No. 242. The computation of jail-time credit is, in the first instance, a matter for the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (explaining that jail-time credit computations are made by the Bureau of Prisons). Prisoners who wish to challenge that computation may utilize administrative procedures with the

Bureau of Prisons. *Id.* After exhausting their administrative remedies, prisoners may seek judicial review of the computations. *Id. See also Broadwater v. Sanders*, 59 F. App'x 112, 113 (6th Cir. 2003).

In his motion, Matthews states: "I ask that you grant me a favorable recommendation. With the understanding that even in you doing so it doesn't mean it will happen. As I have to file a 6p-9 with your recommendation attached with the BOP." ECF No. 242 at 2–3. Thus, Matthews has not exhausted his administrative remedies for challenging the computation of his jail time credit. At this stage, the Court has no jurisdiction to review the computation. Matthews's motion for a recommendation regarding his jail time credit computations will be denied.

## V.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## VI.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 239, is **ADOPTED.**

It is further **ORDERED** that Petitioner Matthews's objections, ECF No. 241, are **OVERRULED.**

It is further **ORDERED** that Petitioner Matthews's motion to vacate and amended motion to vacate, ECF Nos. 199, 240, are **DENIED.**

It is further **ORDERED** that Petitioner Matthews's motion to amend his motion to vacate, ECF No. 214, is **GRANTED.**

It is further **ORDERED** that the Government's motion to dismiss, ECF No. 207, is **GRANTED.**

It is further **ORDERED** that the Government's motion to deny Matthews's motion to amend, ECF No. 217, is **DENIED.**

It is further **ORDERED** that Petitioner Matthews's motion for a recommendation that his state jail time be credited to his federal sentence, ECF No. 242, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: February 28, 2017          s/Thomas L. Ludington
                                  THOMAS L. LUDINGTON
                                  United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 28, 2017.

                              s/Michael A. Sian
                              MICHAEL A. SIAN, Case Manager