UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                  Case No. 14-cr-20427-02
                                                                 Honorable Thomas L. Ludington

KWAME AMIN MATHEWS,

        Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S EMERGENCY MOTION
FOR SENTENCE REDUCTION**

Defendant Kwame Amin Matthews pleaded guilty to aiding and abetting the distribution of cocaine on October 8, 2014. ECF. Nos. 78, 95, 98. On March 9, 2015, he was sentenced to 151 months imprisonment. ECF No. 140.

He has now filed an emergency motion for sentence reduction due to COVID-19. ECF No. 314. He represents that he has multiple sclerosis, allegedly increasing his risk of contracting the disease.

Defendant's motion will be denied without prejudice for the following reasons.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan has explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

E.O. 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose an especially high risk for those who are within their walls. *See Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctr. for Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.[1] It further explains that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited Apr. 7, 2020).

**II.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A)(i) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… if it finds that…extraordinary and compelling reasons warrant such a reduction…

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons or wait 30 days after making such a request with their facility warden. The statute contains explicit language requiring exhaustion which "means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes…establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.*

Defendant has not exhausted his claims with the BOP. His motion provides that he has asked his case manager for this relief, but that he "must wait at least 30 days for a response." ECF No. 314 at PageID.2063. Rather than waiting for a decision by the BOP, he asks that the Court grant him relief due to his "extraordinary circumstances."

Defendant has not met the administrative remedy exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A)(i). The statute does not contain the type of exception contemplated by Defendant. Granting such an exception would rob the BOP of the opportunity to address Defendant's request. This view is shared by courts across the country that have declined to waive the administrative remedy exhaustion requirement during the COVID-19 pandemic. *See, e.g., United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."); *U.S. v. Woodson*, 2020 WL 1673253 (S.D.N.Y. Apr. 6, 2020); *U.S. v. Waseem Alam*, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) (compiling cases denying motions for compassionate release related to COVID-19 where defendants have not exhausted administrative remedies).

Defendant cites to two opinions from the Southern District of New York that purportedly support his argument, *U.S. v. Knox* and *U.S. v. Zukerman*. Though not binding authority, the two cases may be considered persuasive authority. In *U.S. v. Knox*, the court did not grant defendant compassionate release pursuant to 18 U.S.C. § 3582(c)(1), but instead recommended to the BOP that defendant receive early release pursuant to 18 U.S.C. § 3624(c)(1). *United States v. Knox*, 2020 WL 1487272 (S.D.N.Y. Mar. 27, 2020). Accordingly, it is not applicable to Defendant's request for compassionate release.

In *U.S. v. Zukerman*, the court waived defendant's requirement to exhaust administrative remedies prior to bringing his claim for compassionate release. *U.S. v. Zukerman*, 2020 WL 1659880 (S.D.N.Y. Apr. 3, 2020). The court acknowledged that "Section 3582(c)(1)(A) imposes a statutory exhaustion requirement that must be strictly enforced," but noted that "[e]ven where exhaustion is seemingly mandated by statute…, the requirement is not absolute." *U.S. v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) (quoting *Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019)). The court relied upon the 2nd Circuit decision of *Washington v. Barr* and found that the defendant's situation merited a waiver of the exhaustion requirement.

However, as recently explained by another court in the Southern District of New York, *Washington v. Barr* addressed a judicially created exhaustion requirement, not a statutorily created exhaustion requirement as found in 18 U.S.C. § 3582(c)(1).

> *Washington v. Barr* is not a statutorily-mandated exhaustion case. It addressed a judge-made exhaustion requirement which was subject to judge-made exceptions…The passing reference to "exhaustion [that] is seemingly mandated by statute…is not absolute" in *Barr* was not necessary to the Court of Appeals' holding.

*United States v. Woodson*, 2020 WL 1673253, at *3 (S.D.N.Y. Apr. 6, 2020) (rejecting the defendant's argument that the exhaustion requirement should be waived due to COVID-19).

- 5 -

The reasoning in *Woodson* is further supported by the Supreme Court decision *McCarthy v. Madigan* (relied upon by the court in *Washington v. Barr*). The Court stated, "Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan* 503 U.S. 140 (1992). The current situation is not one in which "Congress has not clearly required exhaustion." 18 U.S.C. 3582(c)(1) explicitly states that an inmate must first exhaust their administrative remedies prior to seeking relief from a court. Departing from this clear directive and creating an exception would be inconsistent with 18 U.S.C. 3582(c)(1) and Supreme Court precedent.

### III.

Accordingly, Defendant's Motion for a Reduced Sentence, ECF No. 314, is **DENIED WITHOUT PREJUDICE**.

Dated: April 15, 2020         s/Thomas L. Ludington
                              THOMAS L. LUDINGTON
                              United States District Judge