UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 1:14-cr-20427-2

v.                                         Honorable Thomas L. Ludington
                                              United States District Judge

KWAME AMIN MATHEWS,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

Eight years ago, Defendant Kwame Amin Mathews pleaded guilty to one count of aiding and abetting the distribution of cocaine base. He was sentenced to 151 months' imprisonment and three years' supervised release.

He has since filed his fifth motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing COVID-19 and the First Step Act warrant a sentence reduction.

As explained below, Defendant's request will be denied because he has neither exhausted his administrative remedies nor demonstrated that the § 3553 factors warrant release.

**I.**

Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)—a form of relief commonly referred to as "compassionate release." A motion for relief under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. Defendants seeking compassionate release must request a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust all administrative rights" or (2) wait until "30 days [have elapsed] from the receipt of such a request by the warden."

*See* 18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, then the court may deny compassionate release without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## II.

### A.

The first issue is whether, before filing his motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

Defendant provides two reasons for compassionate release: (1) COVID-19 and (2) the First Step Act. *See* ECF No. 386.

But he has not presented either argument to the BOP. *See generally id.* "This Court may consider arguments not presented to the BOP." *United States v. Hopkins*, No. 1:18-CR-20166, 2022 WL 187770, at *2 (E.D. Mich. Jan. 19, 2022) (*collecting cases*). But the purpose of § 3582(c)(1)(A)'s exhaustion requirement is to ensure that the BOP can consider an inmate's request

first. *See Alam*, 960 F.3d at 835–36. The BOP has not yet had the opportunity to consider whether COVID-19 or the First Step Act justify releasing Defendant or reducing his sentence at this time. Neither reason is exigent enough to remove the BOP from the equation. *See United States v. Curney*, No. 1:15-cr-20314, 2021 U.S. Dist. LEXIS 192581, at *4 (E.D. Mich. Oct. 5, 2021). Therefore, Defendant has not exhausted his administrative remedies, and his Motion will be denied without prejudice. *See, e.g.*, *United States v. Hogg*, No. 1:11-CR-20220, 2022 WL 851719, at *3 (E.D. Mich. Mar. 22, 2022).

The next issue is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. Because he did not exhaust either reason, however, this Court will not address whether they are extraordinary or compelling.

**B.**

Ordinarily, this Court would decline to proceed to the issue of whether the § 3553 factors warrant release, because the lack of exhaustion is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

But, to be thorough, this Court will consider the § 3553 factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…

  (5) any pertinent policy statement…
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  The burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (noting that "the district court's initial balancing of the § 3553(a) factors . . . [is presumed to] remain[] an accurate assessment"). Defendant has not met his burden.

  Defendant was not entitled to release when the § 3553(a) factors were considered before. During his April 2015 sentencing hearing, this Court considered various § 3553(a) factors on the record, including the nature of his offense and circumstances. *See* ECF No. 149 at PageID.950–53. In denying Defendant's second motion for compassionate release, this Court again analyzed the § 3553 factors and found them to weigh against a sentence reduction. *See* ECF No. 327 at PageID.2194 (noting that "Defendant ha[d] only served 40% of his 151-month sentence" and that the underlying offense "was not his first drug-related offense"). That analysis satisfied the Sixth Circuit. *See United States v. Mathews*, 846 F. App'x 362, 369 (6th Cir. 2021) (unpublished).

  Defendant does not explain why those analyses were flawed or what, if anything, has changed since his last motion for compassionate release was denied. Further, Defendant has served approximately 60% of his 151-month sentence. *See* ECF No. 364 at PageID.2453. And his criminal history is just as serious as it was in June 2020, when his first motion for compassionate release was denied.

  Defendant merely asserts he should be released in December 2022 under the First Step Act. Not so. Defendant was sentenced as a career offender; the First Step Act did not change that definition. *Mathews*, 846 F. App'x at 369. Defendant adds that he takes "full responsibility for

- 4 -

- 5 -

[his] wrong decisions" and has "rebuilt [his] values" and will not end up in front of this Court again. ECF No. 386 at PageID.2546. Although Defendant's aspirations are commendable, he has not demonstrated how his unmet goals outweigh the countervailing § 3553(a) analyses.

Simply put, Defendant has not carried his burden. *See* Alyssa C. Hennig, Note, *An Examination of Federal Sentencing Guidelines' Treatment of MDMA ("Ecstasy")*, 1 BELMONT L. REV. 267, 272 (2014) ("Section 3553(a)(2) requires that a defendant's sentence be 'sufficient, *but not greater than necessary*.'" (quoting 18 U.S.C. § 3553(a))). So, his Motion will be denied.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 386, is **DENIED WITHOUT PREJUDICE**.

Dated: September 29, 2022		s/Thomas L. Ludington
		THOMAS L. LUDINGTON
		United States District Judge